FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

`03 OCT 16  P 12: 15

U.S. DISTRICT COURT
NEW HAVEN, CONN.

---------------------------------------------------------- :
LINDA MICHAELS, AS PARENT AND           : CIVIL ACTION NO. 3:02cv1446(JBA)
NEXT FRIEND OF SHANE MICHAELS,          :
SHANE MICHAELS                          :
                                        :
    Plaintiffs,                         :
                                        :
v.                                      :
                                        :
THE BOROUGH OF NAUGATUCK,               :
PATROLMAN BART DEELEY,                  :
OFFICER HUNT                            :
                                        :
    Defendant.                          : OCTOBER 16, 2003
                                        :
----------------------------------------

### DEFENDANTS' REPLY TO PLAINTIFFS'
### OBJECTION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(c), the defendants, the Borough of Naugatuck, Bart Deeley and Steven Hunt, respectfully reply to the plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Mem."), dated October 6, 2003.

I.    **The Plaintiffs Have Failed to Raise a Genuine Issue of Material Fact in Dispute.**

In their Local Rule 56(a)(2) Statement, plaintiffs offer nothing that creates a material issue of fact in the present case. With respect to the training of Officer Deeley and K-9 Argo, the plaintiffs summarily deny that officer Deeley underwent adequate training in the handling of a police dog. Local Rule 56(a)(2) Statement, dated October 14, 2003, ¶ 6, 7, 9, 16. In spite of their conclusory

340685

denials, plaintiffs offer no evidence to dispute the undisputed fact that Officer Deeley undertook police dog training provided by the Connecticut State Police, the same training undertaken by practically every certified K-9 police unit in the state. The plaintiffs offer no evidence to dispute the fact that Officer Deeley has been trained in total for approximately sixty hours per week for a period of six months. Deeley Aff. ¶ 7. Moreover, plaintiffs offer nothing to dispute the fact that K-9 Argo and Officer Deeley were evaluated nearly every week throughout their training and they regularly performed satisfactorily throughout the training. Id. ¶ 11.

Plaintiffs do not dispute that Officer Deeley was certified as a police dog handler by the State of Connecticut, Department of Public Safety. Id. ¶ 12. Finally, plaintiffs offer no evidence to dispute the fact that the Borough of Naugatuck has promulgated a policy that governs all aspects of the use of the police dog. Id. ¶ 14. In short, regardless of the plaintiffs' allegations regarding Officer Deeley's use of K-9 Argo in the arrest of Shane Michaels or any others, plaintiffs offer nothing to show that the *training* received by Officer Deeley was deficient.

Plaintiffs also deny that Naugatuck Police Chief Dennis Clisham conducted an investigation into Linda Michaels' complaint following her son's arrest. Local Rule 56(a)(2) Statement ¶ 34-35. However, none of the allegations contained in plaintiffs' statement contradict the fact that following plaintiff Linda Michaels' complaint about her son's arrest, Chief Clisham conducted an investigation into the complaint. This investigation consisted of Chief Clisham's speaking with the two officers involved in the arrest of Shane Michaels. Clisham Aff. ¶ 6. Moreover, plaintiffs offer no evidence to

dispute the fact that Chief Clisham also interviewed Lieutenant Jerry Scully, the officer that supervised Officers Deeley and Hunt on the day that they arrested Shane Michaels and Leo Hansen.[1]

Finally, plaintiffs offer nothing to dispute the fact that the Naugatuck Police Department is overseen by a Board of Police Commissioners, nor that officers have been disciplined as a result of citizen complaints. Plaintiffs do not allege, nor could they, a single fact to counter defendants' assertion that the Borough has disciplined officers with a range of actions including verbal and written warnings, suspension and discharge.

Instead of alleging facts that contradict defendants' assertions, plaintiffs offer evidence that is completely irrelevant to the motion now before the Court. The issue in this motion is strictly whether the plaintiffs have met their burden to show that the Borough of Naugatuck has acted with deliberate indifference regarding the handling of citizen complaints and whether the Borough has failed to provide Officer Deeley with adequate training. Yet in their 56(a)(2) Statement, plaintiffs assert facts and attach supporting affidavits that have nothing to do with these issues as they relate to the

---

[1] Rather than offer facts to dispute defendants' assertion that Chief Clisham conducted an investigation into Ms. Michaels' complaint, plaintiffs question the veracity of the Chief's affidavit by suggesting that it is inconsistent with the responses that defendants provided to Plaintiffs' First Set of Interrogatories. The alleged inconsistency has nothing to do with the truth of the Chief's affidavit, but rather the vagueness of the particular interrogatory. The interrogatory asks whether "an internal investigation [was] conducted for the incident that forms the gravamen of this Complaint." The incident that formed the "gravamen" of the Complaint was as much the initial arrest of plaintiff Michaels as his mothers filing a subsequent complaint. The defendants responded that Lieutenant Scully conducted an investigation into the initial arrest of Shane Michaels and Leo Hansen. The plaintiffs have improperly assumed that this response meant that "no investigation was conducted after receipt of Linda Michaels' complaint." Plaintiffs' Mem. at 12. Such a conclusion does not necessarily follow from defendant's response to the interrogatory. Accordingly, Chief Clisham's sworn statement that he conducted an investigation following receipt of plaintiff Linda Michaels' complaint is not inconsistent, as plaintiffs suggest.

340685

3

Borough's alleged liability. Plaintiffs offer the Affidavit of Shane Michaels, which describes how he was allegedly attacked by K-9 Argo. While these facts arguably bear on plaintiffs' claims of excessive force, they are irrelevant to the issue whether the Borough has failed to provide Officer Deeley with adequate training. Similarly, plaintiffs make much out of Lieutenant Scully's report after conducting his supervisor review following the arrest of Shane Michaels and Leo Hansen. The extent and adequacy of Lieutenant Scully's review of the arrest reports immediately following the arrest has nothing to do with whether or not the Borough of Naugatuck has a custom or policy of mishandling citizen complaints of police misconduct.

Based on the undisputed facts that defendants asserted in their Rule 56(c)(1) statement, the irrelevance and weakness of plaintiffs evidence, and the law discussed below, plaintiffs have alleged nothing whereby a jury could reasonably conclude that the Borough should be held liable in the present action.

## II.  The Plaintiffs Have Not Established Deliberate Indifference on the Basis of an Alleged Mishandling Citizen Complaints.

Plaintiffs assert that the actions or inactions of the Borough of Naugatuck with respect to citizen claims of police misconduct rise to the level of deliberate indifference sufficient to subject the Borough to liability. Plaintiffs' argument relies exclusively on their interpretation of the Second Circuit's opinion in Fiacco v. Rensselaer, 783 F.2d 319, 326 (2d Cir. 1986) and the affidavits of three individuals–Kevin Bowler, John Laverty, and plaintiff Linda Michaels—who allegedly made complaints about Officer Deeley to Chief Clisham.

Plaintiffs assert that Chief Clisham "has routinely overlooked attacks committed by the police dog." Plaintiffs' Mem. at 10. Therefore, according to plaintiffs, "a question of fact exists whether there has been a persistent failure by the police department to exercise reasonable care in investigating claims of police malfeasance in order to supervise the officers in the proper use of the police power, so that summary judgment may not enter." Id. Plaintiffs rely on Fiacco, and state that "the evidence which was found sufficient to support a jury verdict in Fiacco, is strikingly similar to the evidence the plaintiff will seek to introduce in this case." Id. Plaintiff ignores some critical distinctions between Fiacco and the present case, however.

In Fiacco, the plaintiff introduced seven written complaints that had been filed with the Rensselaer Police Department alleging police brutality. Fiacco, 783 F.2d at 329. Plaintiffs also elicited testimony from four of the complainants and the Rensselaer police chief regarding his handling of the complaints. Each of the complainants testified that they had been subject to excessive force at the hands of the police officers. One complainant testified that he was hit in the head by officers during an interrogation. Another complainant was struck in the face with a nightstick before spending a night in jail without medical attention. Yet another complainant was beaten with a nightstick. Finally, the fourth testifying complainant was beaten, punched, and left with two black eyes at the hands of a police officer at the Rensselaer Police Station. Id. at 329-30. In each instance, the chief provided detailed testimony about how he handled each of the complaints. In short, he received the complaints, exercised unilateral discretion, and after talking only to the officers involved before concluding that no excessive force had been used. Id. at 331.

The affidavits of Mr. Bowler, Mr. Laverty and Ms. Michaels are woefully deficient in comparison to the evidence presented in Fiacco. Thus plaintiffs' evidence does not create an issue of material fact with respect to the Borough's handling of citizen complaints. First, the affidavits of Kenneth Bowler and John Laverty say practically nothing concerning the nature of any inquiry by the Chief into the incidents described in their affidavits. Nor do either of the affidavits provided demonstrate that the Chief conducted no inquiry whatsoever.[2] In fact, the affidavit of Kenneth Bowler actually indicates that Chief Clisham conducted more than a superficial investigation into the complaint: Chief Clisham allegedly met with Mr. Bowler *twice* regarding the incident involving Officer Deeley.

Rather than providing evidence regarding the scope of the Chief's investigation, plaintiffs seemingly rest on the fact that Bart Deeley was never disciplined as a result of these complaints. Even though plaintiffs assert that the Chief's affidavit is "probably untrue," plaintiffs have not deposed Chief Clisham so that they may inquire further of the manner in which he, or anyone within the Naugatuck Police Department, investigated these complaints. Without more, a jury could not reasonably conclude that the Borough has a policy or custom of mishandling citizen complaints. Stengel v. Hartford, 652 F. Supp. 572, 574 (D. Conn. 1987) (even though plaintiff alleges that officer

---

[2] Plaintiffs only provide evidence indicating that the incident involving Kenneth Bowler and K-9 Argo was not memorialized in the K-9 usage log disclosed during discovery. This log has nothing to do, however, with whether or not the Chief investigated Mr. Bowler's complaint or with whether disciplinary action was or should have been imposed on Officer Deeley. Wholly separate from the issue of officer discipline, the log only serves as a record of the incidents where one of the Borough of Naugatuck's police dogs was utilized on duty.

was never disciplined, where municipality's handling of two complaints is not alleged with requisite specificity, plaintiff cannot survive summary judgment on Monell claim).

With respect to Ms. Michaels written complaint, unlike the chief in Fiacco, Chief Clisham made an inquiry not only of the officers involved in the incident, but also of Lieutenant Jerry Scully, the shift supervisor on duty the day that Shane Michaels and Leo Hansen were arrested. Accordingly, the investigation conducted by Chief Clisham was also more than superficial. Sarus v. Rotundo, 831 F.2d 397, 410 (2d Cir. 1987) (procedure for handling complaints did not amount to deliberate indifference where citizen complaints were first referred to commanding officer).

Fiacco is also distinguishable because the Fiacco plaintiffs presented evidence that Rensselaer failed to adopt appropriate procedures to deal with complaints of police brutality. Fiacco, 783 F.2d at 318. The Rensselaer chief also gave inconsistent testimony concerning whether police officers had ever been disciplined after a complaint of excessive use of force. In the present case, Chief Clisham made clear that the Borough has specific policies and procedures regarding the discipline of officers and the handling of citizen complaints. Clisham Aff. at ¶ 9. Chief Clisham has also made clear that during the time that he has been police chief, several officers have been disciplined as a result of citizen complaints and as a result of charges brought against Naugatuck officers for violations of the Police Department's rules and regulations. Clisham Aff. at ¶ 10. Accordingly, defendants motion should be granted. Sarus, 831 F.2d at 410 (granting summary judgment in favor of municipality where police chief testified that he could recall several disciplinary proceedings against police officers).

Finally, in <u>Fiacco</u>, even though a civilian board existed for the review of complaints of police misconduct, that board conducted no hearings into the any civilian claims and promulgated no forms whereby citizens could make complaints. <u>Fiacco</u>, 783 F.2d at 330. In the present case, Chief Clisham indicated that the civilian Board in Naugatuck has conducted "several hearings regarding the discipline of officers." Clisham Aff. ¶ 10. Moreover, the Borough has a specific mechanism in place for the filing of complaints. <u>Id.</u> ¶ 4.

### III. Plaintiffs Have Not Established Deliberate Indifference on the Basis of an Alleged Failure to Train Officer Deeley.

In response to the defendants assertion that the Borough of Naugatuck provided Officer Deeley with adequate training, plaintiffs offer evidence of alleged incidents where Officer Deeley purportedly utilized K-9 Argo in contravention of established polices and procedures governing the use of the K-9, and sarcastically assert that "people who graduate from high school every day cannot make change." Plaintiffs' Mem. at 15. From this, plaintiff concludes "it is not possible to conclude that this dog is being properly handled by Officer Bart Deeley." <u>Id.</u> Plaintiffs' argument and sarcasm misses the mark.

The issue when it comes to the Borough's liability is the manner in which Officer Deeley is trained, not the manner in which he executed that training. Additionally, plaintiffs have offered no evidence to contradict the fact that under the Borough's supervision, and in conjunction with the Connecticut State Police, Officer Deeley underwent extensive training in the use of police dogs. Plaintiffs have offered nothing to demonstrate that the training itself was deficient. Absent such a showing, plaintiffs' claims based on the Borough's alleged failure to train Officer Deeley cannot

survive this summary judgment motion. See, e.g., Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (to prove failure to adequately train K-9 officer, plaintiff must show that the training *program* is inadequate to the task, not necessarily that the officer acted improperly).

## IV.    Conclusion.

Plaintiffs' theories for imposing liability on the Borough of Naugatuck are unsupported by the undisputed facts of this case. Therefore, the defendants respectfully request that the Court grant this Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
THE BOROUGH OF NAUGATUCK, PATROLMAN
BART DEELEY, and OFFICER STEVEN HUNT

By: _____
JAMES N. TALLBERG, ESQ.
Federal Bar Number ct17849
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel. (860) 548-2600

## **CERTIFICATION**

This is to certify that a copy of the foregoing, has been mailed, by first class U.S. mail, postage prepaid, this 16th day of October 2003, to:

David S. Doyle, Esq.
THE MARCUS LAW FIRM
111 Whitney Avenue
New Haven, CT 06510

By:_____
JAMES N. TALLBERG, ESQ.